# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| RASHELLA REED, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | CV415-115 |
| ) | CR412-086 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **REPORT AND RECOMMENDATION**

Convicted of food stamp fraud crimes after a jury trial, Rashella Reed seeks reduction of her sentence under 28 U.S.C. § 2255. Doc. 200 (indictment); doc. 322 (jury verdict), doc. 359 (judgment for 168 months' imprisonment); see doc. 410[1] at 12 (stating she "wants her sentence to be corrected to the 0-6 months guideline sentencing").

## A. BACKGROUND

Reed was indicted for conspiring, along with two codefendants and others, to purchase illegally more than $5 million in benefits from the Supplemental Nutrition Assistance Program (SNAP) and the Georgia Women, Infants, and Children (WIC) program for cash at thirteen

---

[1] The Court is citing to the criminal docket in CR412-086 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

stores in five Georgia counties. She was charged with conspiring to use interstate wire communications to execute a fraudulent scheme in violation of 18 U.S.C. § 1349, and conspiring to launder money in violation of 18 U.S.C. § 1956. Doc. 200.

After a jury found Reed and her codefendants guilty of both charges, docs. 313 & 322, the Court sentenced her to 168 months' imprisonment. Doc. 359. On her unsuccessful appeal, she argued that the trial court abused its discretion by denying her joint motion for funds to hire an investigator. *United States v. Reed, et al.*, 592 F. App'x 759 (11th Cir. 2014).

B. ANALYSIS

Reed presents three grounds for relief: (1) that her Tenth Amendment rights were violated when she was sentenced pursuant to the facts of the PSR, rather than facts "proven beyond a reasonable doubt by a jury"; (2) that the Government knowingly used her codefendants' false and misleading statements against her; and (3) ineffective assistance of counsel during trial. Doc. 410 at 4, 5, 6 &

2

8.[2]

---

[2] A § 2255 motion must be filed within a year of "the date on which the judgment of the conviction becomes final." 28 U.S.C. § 2255(f)(1). Here, the Eleventh Circuit confirmed Reed's sentence on December 5, 2014 (doc. 407), so her § 2255 motion had to be filed by no later than December 5, 2015. Her original motion was timely filed on May 4, 2015. Doc. 410. Reed subsequently two motions to amend her § 2255 motion to add entirely new claims. Docs. 469 & 472.

An otherwise untimely amendment may relate back to a timely-filed claim pursuant to Rule 15(c). *See Mayle v. Felix*, 545 U.S. 644, 664 (2005); *Farris v. United States*, 333 F.3d 1211, 1215 (11th Cir. 2003); *see also United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000) (noting that although the Rules Governing Section 2255 does not address the procedure for amending motions, courts have typically applied Federal Rule of Civil Procedure 15).

In her motion to amend, Reed contends that the Court should consider the "retroactive role reduction 3B1.2 that became retroactive [on] November 1, 2015" (doc. 469 at 1), and also consider reducing her sentence based on "postsentence rehabilitation" (doc. 472 at 9).

Neither claim arises from the same underlying facts as the original, timely filed § 2255 motion -- her original claims revolve around the facts relied upon by the Court and her counsel's alleged deficiencies; her new claims seek reconsideration of her sentence pursuant to a subsequent Amendment to the Sentencing Guidelines and asks the Court to modify her sentence based on her post-sentencing activities. *Compare* doc. 410 (motion filed May 4, 2015) *with* docs. 469 (filed July 18, 2016) & 472 (filed September 28, 2016). Thus, they cannot latch onto the original motion's timeliness to sneak by the § 2255(f) one-year time bar. *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) ("the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceedings.").

Nor can Reed find relief under any other exception to the one-year time bar to present her untimely § 2555 claims. *See* 28 U.S.C. § 2255(f)(2)-(4) (providing exceptions for cases where the government impeded her ability to file her amendment, new facts supporting the claims have discovered, or the amendment is based upon a newly recognized right made retroactively applicable by the Supreme Court). Reed's motions to amend her § 2255 motion (docs. 469 & 472) are therefore **DENIED**.

Further, it is unclear that the Court has the authority to modify her sentence as she asks; Reed refers the Court to the Supreme Court's decision in *Pepper v. United States*, 562 U.S. 476 (2011), which dealt with resentencing after a sentence had been set aside on direct appeal. That case clearly does not bear on this case, where

1. **Facts & Statements**

Movant contends that the Court impermissibly relied upon her PSR at sentencing, and used her codefendants' statements against her despite the fact that they were inaccurate. Doc. 410 at 4 & 6. A prisoner seeking collateral relief "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Generally, where a movant seeks collateral relief based on trial errors to which no contemporaneous objection was made at trial, *id.* at 167-68, or on direct appeal, "it will be procedurally barred in a § 2255 challenge." *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills*, 36 F.3d at 1055. In other words, a movant may not use his collateral attack as "a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (cite omitted). A procedural default may be overcome if the movant can show "cause excusing his failure to raise the issue previously and prejudice from the

---

movant's conviction was affirmed on direct appeal.

4

alleged error." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Ineffective assistance of counsel (IAC) "may satisfy the cause exception to the procedural bar," though such a claim "must have merit" to qualify. *Id.* at 1344.

Because Reed's first and second claims were *not* raised on appeal, they are procedurally barred. *See Reed*, 592 F. App'x 759. And her associated, meritless IAC claims do not overcome that bar because, as discussed below, they are meritless. *Montano*, 398 F.3d at 1280; *Lynn*, 365 F.3d at 1232. She otherwise offers no explanation for her default, instead asserting that the "evidence will show that [she] should not have been responsible for the government's assumptions" and that the Court erred by "appl[y]ing enhancements based on the mere assumptions of the probation officer's conclusory statement(s)." Doc. 428 at 3. These allegations, however, do not excuse the procedural bar, and Reed fails to point to anything in the record supporting her conclusory statement that the Court committed a "miscarriage of justice." *See id.*

2. **Ineffective Assistance of Counsel**

Reed contends her counsel was ineffective for failing to: (1) get her

5

funding to hire an investigator; (2) secure witnesses to combat the victim sentencing enhancement applied by the Court; (3) fully investigate her case; and (4) failing to "submit to proper District Judge in a timely manner." Doc. 410 at 5 & 8.

"To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001).

As to the prejudice prong, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1434 (11th Cir. 1987)

(same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice.").

### a. Investigator Funding

Reed contends that her lawyer was deficient for failing to object to the Magistrate Judge's order denying funds to hire an investigator for help in preparing for trial. She sought to produce witnesses at trial who engaged in legitimate transactions at the store she owned, and says she needed an investigator to locate such witnesses, verify the accuracy of their claimed legitimate transactions, and identify other such witnesses. *See* doc. 238 at 3. She also sought to demonstrate that her financial lifestyle was within the means afforded by her regular employment, and that she needed an investigator to fully suss out whether there had been any change in her spending habits commensurate with her alleged ill-gotten gains. *See id.* at 4.

The Magistrate Judge denied the motion because the Government's case could hinge on a single fraudulent transaction, so evidence that the

majority of transactions were legitimate would be pointless. Doc. 240 at 2-3. Also, "plenty of lawbreakers have enough sense to lay low financially in order to conceal their wrongdoing . . . it would be pointless to pay an investigator to testify that the defendants lived modestly." *Id.* That common-sense reasoning goes unassailed here. Counsel's failure to push harder for investigator funding when there was no legitimate basis for it was not ineffective assistance. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) (there is no "constitutional right to compel appointed counsel to press nonfrivolous points").

b. Mitigation Witnesses

Movant faults her counsel for failing to call witnesses at her sentencing hearing to combat a proposed 6-point victim enhancement to her base offense level. Doc. 410 at 8; *see also* doc. 428 at 5 (disputing that the 6-level enhancement was based on 250 victims when it should have been limited to one victim). But she does not offer any suggestions as to which witnesses counsel should have located, or what information relevant to her sentencing they might have provided.

Contrary to her contentions, that 250 number was not created out of whole cloth by the Government based on the probation officer's

8

musings -- between 2009 and 2010, just one of the stores involved in the SNAP/WIC plot processed *more* than 10,000 WIC vouchers. PSR at ¶ 21. Children being the intended beneficiaries of these vouchers (because only pregnant or breastfeeding women qualify for WIC benefits), the selling of WIC vouchers for cash necessarily victimized the children who then did not receive their WIC benefits. *Id.* at ¶ 37. On that basis, the probation officer reasonably concluded that the offense involved more than 250 victims and increased Reed's base offense level accordingly. *Id.* at ¶ 45 (increasing base level by six levels pursuant to U.S.S.G. § 2B1.1(b)(2)(C). A total offense level of 43 and criminal history category of I gave rise to an advisory guideline range of life imprisonment. *Id.* at ¶ 80.

Also contrary to Reed's contentions, counsel filed a multi-page objection to the proposed enhancement. PSR Addendum at 17-19. He contended that the only victim of the criminal scheme was the federal government, which had funded the SNAP and WIC programs. *Id.* He also argued, in the alternative, that because none of the other participants in the scheme had suffered a similar enhancement, the Court should vary from the advisory range to prevent an unwarranted

9

sentencing disparity among the defendants. *Id.* at 18. At the sentencing hearing, the Court overruled counsel's objection and adopted the recommendation of the PSR, but agreed with counsel's argument in the alternative and sentenced Reed as though the six-level enhancement did not apply. Doc. 385 at 15, 24-25. The imposed 168 month sentence fully incorporated the Court's downward variance to exclude the 6-level victim enhancement. *See* doc. 359. Though she may not have appreciated fully his effective advocacy at the time, Reed actually received the full benefit of counsel's expertise in getting the exact thing she seeks now in her § 2255 motion: a sentence without the victim enhancement. Her claim that counsel was deficient is without merit.

c. **Fully Investigate and "Submit to District Judge"**

Reed finally contends that counsel failed to timely submit some unidentified request (apparently to do with a laundry list of rights under the Constitution) to the "proper District Judge." Doc. 410 at 5. She also contends, without identifying what steps she'd like to have seen taken, that counsel "failed to investigate [Reed]'s case using the resources that are afforded to him in order to give the defendant

10

effective representation to prove her innocence." *Id.* It remains unclear what, if any, particular thing Reed contends was deficiently done by counsel in either his filing of (un)timely motions or investigation of her case. At best, movant is flinging everything she didn't like about her trial against the proverbial wall, hoping something will stick. Absent merit, however, nothing does.[3]

## C. CONCLUSION

Accordingly, Rashella Reed's § 2255 motion (doc. 410) should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28

---

[3] For that matter, she cannot simply "laundry list" conceived claims without explaining, with full citation to the record, how they were viable *and* that no reasonable lawyer would have missed them. A typical IAC claim succeeds only where counsel has, metaphorically speaking, shot at the side of a barn yet missed. *See Sullivan v. Secretary, Fla. Dep't. of Corr.*, 837 F.3d 1195, 1205 (11th Cir. 2016) (an attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance, as element of ineffective assistance of counsel); *see also id.* at 1206 (in prosecution for fleeing and attempting to elude a law enforcement officer, trial counsel was ineffective in presenting a voluntary intoxication defense long after it had been statutorily abolished, instead of advising defendant to accept state's pretrial plea offer).

U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*,

12

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this <u>  11th  </u> day of January, 2017.

_/s/ G.R. Smith_
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA